TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ARON KETCHEL
Arizona State Bar No. 038421
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Aron.Ketchel@usdoj.gov

☒ FILED  ☐ LODGED

**Oct 06 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, Plaintiff, vs. Nicole Christine Lammers, Defendant. | No. CR-25-01381-PHX-MTL (MTM)<br><br>**I N F O R M A T I O N**<br><br>VIO: 18 U.S.C. § 1343<br>(Wire Fraud)<br>Count 1<br><br>18 U.S.C. § 981(a)(1)(C)<br>18 U.S.C. § 982(a)(1)<br>21 U.S.C. § 853<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegations) |

THE UNITED STATES ATTORNEY'S OFFICE CHARGES:

**BACKGROUND**

At all times material to this Information:

1. NICOLE LAMMERS is an individual and resident of Arizona. LAMMERS was employed by P.S.C. as an Office Coordinator between August 2009 and March 2025, when she was terminated by P.S.C.

2. P.S.C is an Arizona-based company in the software and hardware development company with operations domestically and internationally.

3. When LAMMERS was employed at P.S.C., between November 2017 and February 2025, LAMMERS used two different company issued credit cards, issued in her

name to fraudulently purchase personal items for herself and her family. In several instances, to conceal the personal charges, LAMMERS altered the charge when she entered it into the company's accounting system to make it appear as if the personal charge was a legitimate company expense even though she knew at the time it was not.

4. Over approximately eight years, LAMMERS embezzled approximately $1,476,774 from P.S.C. through approximately 2,990 transactions, all for her personal gain.

## COUNT 1
## WIRE FRAUD
## (18 U.S.C. § 1343)

5. Each of the foregoing allegations are incorporated by reference and re-alleged as though fully set forth herein.

6. Beginning in November 2017, and continuing through February 2025, in the District of Arizona and elsewhere, Defendant NICOLE LAMMERS knowingly and willfully devised and intended to devise a scheme and artifice to defraud P.S.C. and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and by intentional concealment and omission of material facts.

7. On or about July 16, 2024, LAMMERS, for the purpose of executing the scheme and attempting to do so, did knowingly transmit and caused to be transmit signals and sounds by means of wire communication in interstate commerce when she charged her P.S.C.-issued company credit for personal home improvements in the amount of $23,256.

All in violation of 18 U.S.C. § 1343.

## FORFEITURE ALLEGATIONS
## 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 982(a)(1);
## 21 U.S.C. § 853; 28 U.S.C. § 2461(c)

8. The factual allegations in Count 1 and in the preceding paragraphs of this Information are re-alleged and incorporated as though fully set forth herein.

9. Pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), and upon conviction of the offense alleged in Count 1 of this Information, defendant shall forfeit to the United States all right, title, and interest in any and all property, real or personal, involved in such offense, or any property traceable to such property involved in the offense, or conspiracy to commit such offense, including the following: (a) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of a statute listed in Title 18, United States Code, Section 982, (b) all other property constituting proceeds obtained as a result of those violations, and (c) all property used in any manner or part to commit or to facilitate the commission of those violations, including, but not limited to the sum of money representing the amount of money involved in the offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

///

///

///

All in accordance with Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure

Respectfully submitted this __3rd__ day of October, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*Digitally signed by ARON KETCHEL*
*Date: 2025.10.03 10:16:47 -07'00'*

ARON KETCHEL
Assistant U.S. Attorneys

- 4 -